NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY SPINE AND ORTHOPEDICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NOVO NORDISK, INC., EMPLOYEE HEALTH PLAN, *et al.* <br><br> Defendants. | Civil Action No. 18-3699 (JLL) <br><br><br> **OPINION** |

**LINARES,** Chief District Judge

This matter comes before the Court by way of Defendant Novo Nordisk Inc. Welfare Plan's[1] Motion to Dismiss Plaintiff New Jersey Spine and Orthopedics' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Plaintiff has filed opposition and Defendant has submitted its reply thereto. (ECF Nos. 11, 17). The Court has read the parties' submissions and considers this matter without oral argument in accordance with Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

---

[1] Defendant is identified in Plaintiff's Amended Complaint, (ECF No. 1-1), as Novo Nordisk, Inc., Employee Health Plan, Novo Nordisk, Inc., Health Plan, Novo Nordisk, Inc., Medical Plan, Novo Nordisk, Inc., Health and Welfare Plan. Defendant identifies itself as Novo Nordisk Inc. Welfare Plan in its Notice of Removal. (ECF No. 1).

## I. BACKGROUND[2]

Plaintiff is a healthcare provider located in Essex County, New Jersey. (ECF No. 1-1 at 16–19 ("Am. Compl.") ¶ 1). Defendant is a self-funded employee health and welfare benefits plan which provides its employees and/or insured(s) health and welfare benefits in the State of New Jersey. (Am. Compl. ¶ 2). Defendant contracted with Aetna, Inc. to administer the plan. (Am. Compl. ¶ 4). On or about August 25, 2016 and February 7, 2017, Plaintiff performed surgical procedures on AG ("the Patient"), who was a member of Defendant's plan. (Am. Compl. ¶¶ 3, 5). The Patient had signed a document entitled "Assignment of Benefits, Authorization to Settle Claim and Direction to Pay Medical Provider Directly," allegedly assigning his or her rights, interests, and benefits under the plan to Plaintiff. (Am. Compl. ¶ 6; ECF No. 1-1 at 21). Plaintiff submitted all medical bills to Defendant and/or Aetna, Inc., (Am. Compl. ¶ 7), and alleges that Defendant failed to comply with the terms of the plan when it failed to reimburse Plaintiff for medical services totaling $170,541.19, (Am. Compl. ¶ 8).

On February 8, 2018, Plaintiff filed suit in the Superior Court of New Jersey, Essex County, Law Division. (ECF No. 1-1 at 4). On February 28, 2018, Plaintiff filed a one-count Amended Complaint seeking to enforce a plan benefit under section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") pursuant to the assignment of benefits from the Patient to Plaintiff. (Am. Compl. ¶ 9). On March 16, 2018, Defendant removed the matter to this Court, (ECF No. 1), and on April 20, 2018, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 7).

---

[2] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

2

## II. LEGAL STANDARD

This Court must dismiss a complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015) ("*NJBSC*"). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA section 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.* Regardless, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Ct. C.P.*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "For the purpose of determining standing, [the Court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d. Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Defendant argues that Plaintiff does not have statutory standing to sue because the plan contains a clear and unambiguous anti-assignment clause preventing the Patient from assigning his or her rights or benefits to Plaintiff. (ECF No.

3

7-1 at 6). Specifically, the plan states: "Coverage and [the Patient's] rights under this plan may not be assigned. A direction to pay a provider is not an assignment of any right under this plan or of any legal or equitable right to institute any court proceeding." (ECF No. 7-1 at 8; ECF No. 7-3 at 67; ECF No. 7-4 at 76).

This case therefore turns on the enforceability of the anti-assignment clause contained in the Plan. If it is not enforceable, the Patient can be deemed to have successfully assigned his or her rights and benefits to Plaintiff, thereby giving Plaintiff derivative statutory standing to bring this action. If it is enforceable, Plaintiff has no derivative standing by which to bring this action, and the Court must grant Defendant's Motion to Dismiss.

The Third Circuit recently held that anti-assignment clauses in ERISA-governed health insurance plans are generally enforceable. *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018). This Court has also issued several decisions in accord with *American Orthopedic*. *See Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-13654, 2018 WL 1757027 (D.N.J. Apr. 12, 2018); *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-7825, 2017 WL 6514663 (D.N.J. Dec. 20, 2017); *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, No. 17-193, 2017 WL 6372238 (D.N.J. Dec. 12, 2017). Further, Plaintiff's arguments as to why the anti-assignment clause should not be enforced have already been explicitly rejected by either the Third Circuit or extensive case law within this District. *See infra* Section III.A. Thus, the Court agrees with Defendant that the anti-assignment clause in the plan is valid and enforceable, thereby depriving Plaintiff of derivative standing to bring this suit.

### A. Enforceability of the Anti-Assignment Clause

Plaintiff argues that its executed assignment of benefits from the Patient, a plan beneficiary, is enough to give it derivative standing under ERISA to bring this suit. (ECF No. 11

at 11–16). ERISA grants a "participant" or "beneficiary" the right to sue "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1). "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *NJBSC*, 801 F.3d at 372; *see also CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014) (adopting the position that healthcare providers may obtain standing to sue by assignment from a plan participant). In *American Orthopedic*, however, the Third Circuit specifically rejected the appellant's argument that *NJBSC* confers derivative standing on healthcare providers by assignment despite the presence of an anti-assignment clause, because that case did not address the enforceability of such anti-assignment clauses. 890 F.3d at 450. Therefore, the fact that healthcare providers can obtain assignments of benefits from their patients in the absence of an anti-assignment clause does not mean that anti-assignment clauses forbidding such assignments are invalid. The anti-assignment clause at issue here is the same variety of clear and unambiguous contract provision that this Court has found valid in other similar cases. *Compare supra* Part III *with Univ. Spine Ctr.*, 2018 WL 1757027, at *3; *Univ. Spine Ctr.*, 2017 WL 6514663, at *3; *Univ. Spine Ctr.*, 2017 WL 6372238, at *3.

Plaintiff also argues that it has derivative standing to sue because the anti-assignment clause in the Plan only limits the Patient's *right* to assign its benefits, not the Patient's *power* to do so, and therefore does not invalidate the assignment of benefits to Plaintiff. (ECF No. 11 at 16–19). Such a limitation, Plaintiff alleges, renders the assignment of benefits a breach of covenant, entitling the non-assigning party to damages, but maintaining the validity of the assignment. (ECF No. 11 at 17). This argument has been rejected within this District on multiple occasions. *See Univ. Spine Ctr. v. Highmark, Inc.*, No. 17-11403, 2018 WL 2947859, at

5

*2–3 (D.N.J. June 12, 2018); *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-7823, 2018 WL 2332226, at *3 (D.N.J. May 23, 2018); *Univ. Spine Ctr. v. United Healthcare*, No. 17-10978, 2018 WL 2332204, at *3–4 (D.N.J. May 23, 2018); *Univ. Spine Ctr.*, 2018 WL 1757027, at *2. Plaintiff's argument that the anti-assignment clause fails to manifest an intent to limit the Patient's *power* to assign, (ECF No. 11 at 18), is equally unavailing. *See Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-1103, 2018 WL 2357756, at *3 (D.N.J. May 24, 2018) (noting that "the anti-assignment clause in *American Orthopedic* also did not contain the words 'void' or 'invalid,' and yet the Third Circuit still determined that the clause was enforceable and that [the] plaintiff, therefore, lacked standing to sue").

Lastly, Plaintiff challenges the enforceability of the anti-assignment clause, arguing that such clauses are unenforceable against healthcare providers and that the enforcement of such clauses against healthcare providers would violate congressional intent. (ECF No. 11 at 19–25). *American Orthopedic* squarely rejects both of these arguments. 890 F.3d at 451–53 (concluding that in the absence of authoritative empirical data, Congress, rather than the courts, should decide whether anti-assignment clauses promote or impede the goals of ERISA, and that *Hermann Hospital v. MEBA Medical and Benefits Plan*, 959 F.2d 569 (5th Cir. 1992), does not require a finding that anti-assignment clauses are unenforceable against healthcare providers in light of the substantial authority holding otherwise). Thus, the plan's anti-assignment clause is valid and enforceable against Plaintiff.

### B. Waiver of the Anti-Assignment Clause

Plaintiff also contends that even if the anti-assignment clause is enforceable, Defendant waived its right to enforce the clause through Aetna's "course of dealings" with Plaintiff. (ECF No. 11 at 25). Specifically, Plaintiff received a partial payment from Aetna and went through an

appeals process with Aetna seeking full reimbursement for its medical services without Defendant or Aetna raising the anti-assignment clause as a defense to the claim during the internal appeals process. (ECF No. 11 at 27–28). In *American Orthopedic*, Appellant also argued that the anti-assignment clause, if enforceable, should have been considered waived because Independence Blue Cross Blue Shield had remitted some payment to the appellant and allowed the appellant to go through its appeals process seeking full reimbursement. 890 F.3d at 453. The Third Circuit rejected this argument and stated that "routine processing of a claim form, issuing payment at the out-of-network rate, and summarily denying the informal appeal do not demonstrate 'an evident purpose to surrender' an objection to a provider's standing in a federal lawsuit." *Id*. at 454 (quoting *Brown v. City of Pittsburgh*, 186 A.2d 399, 401 (Pa. 1962)).[3]

Therefore, the Court sees no reason to deviate from established precedent in the Third Circuit and the extensive relevant case law within this District. The Court finds this anti-assignment clause to be valid and enforceable, and Plaintiff therefore has no derivative standing to bring this action. Accordingly, the Court dismisses Plaintiff's Amended Complaint.

### IV. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss. An appropriate Order accompanies this opinion.

Dated: July  11 , 2018

JOSE L. LINARES
Chief Judge, United States District Court

---

[3] While *American Orthopedics* applies the waiver law of Pennsylvania, New Jersey has a similarly high bar for waiver, requiring a party "to have full knowledge of his legal rights and intent to surrender those rights," and that the waiver must be done "clearly, unequivocally, and decisively." *Knorr v. Smeal*, 178 N.J. 169, 177 (2003).